[Civ. No. 2584.   First Appellate District, Division One.—December 11, 1918.]

PAUL F. FRATESSA, Respondent, v. W. H. MORRISSEY et al., Appellants.

CORPORATIONS — FORFEITURE OF CHARTER — WINDING-UP OF AFFAIRS—
    COMPENSATION OF TRUSTEES—SALE OF PROPERTY TO DEFRAY—IN-
    JUNCTION.—In this action by the owner of all the shares of the
    capital stock of a corporation, which had forfeited its charter for
    failure to pay its license tax, and which was subsequently revived

under the enabling act of the legislature, to restrain the directors in office and its only stockholders at the time of such forfeiture from selling the real estate of the corporation for the purpose solely of paying themselves a compensation for their services in distributing the assets of the corporation to plaintiff, it is held, that admitting the existence of the right to compensation, the record disclosed the rendition of no service and any expenditures made must be borne by themselves.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Morrissey for Appellants.

J. J. West and Paul F. Fratessa for Respondent.

BEASLY, J., *pro tem.*—This action was brought to restrain defendants, who claimed to be director-trustees of a defunct corporation, from selling certain real estate for the purpose of winding up the corporation's affairs.

From the facts it appears that the Anvil Land & Stock Company, a domestic corporation, forfeited its charter for failure to pay its annual license tax. At the time of the forfeiture the corporation's assets consisted of three parcels of land situated in San Francisco of the value of three thousand five hundred dollars, and one parcel in the state of Oregon. The corporation was not indebted in any sum, and the defendants herein were its directors in office and its only stockholders at the time of the forfeiture of its charter. Subsequent to this forfeiture the defendants conveyed all the corporate shares to one Harvey F. Turner, who thereafter conveyed the same to the plaintiff. After having disposed of all their interest in the corporation defendants signified their intention as director-trustees of selling the four parcels of land for the purpose of winding up the corporation's affairs. Plaintiff thereupon filed his complaint reciting the above-mentioned matters, and claiming that there was no necessity for the sale. In his complaint plaintiff alleged an offer to pay any reasonable expense for settling the corporation's affairs, and for distributing and conveying the assets of the corporation to him as owner of all the shares of the capital stock of the corporation. He

alleged further that the defendants demanded the unreasonable sum of $350 for their compensation as trustees to make such distribution to plaintiff, and threatened a sale of the real property to pay themselves such sum. The complaint prayed for a judgment restraining the defendants from selling the lands, and for an order directing a conveyance of the same to plaintiff.

Defendants answered, a temporary restraining order was made, trial was had and the cause was submitted for decision. Pending the decision, an act enabling defunct corporations to have their charters restored was passed by the legislature; the corporation was rehabilitated, though not by defendants; shares of stock were transferred by plaintiff to other persons; the stockholders of the revived corporation held a meeting and removed defendants from office as directors, and elected others in their stead. Thereafter the corporation through its new directors sold the four parcels of land to plaintiff.

The action brought by plaintiff was then dismissed with the trial court's approval, but on defendant's motion this dismissal was vacated. Thereafter plaintiff filed a supplemental complaint, setting up the rehabilitation of the corporation and its subsequent acts, and further recited that defendants as director-trustees were proceeding to sell the lands above mentioned, and alleged that such sale would cloud plaintiff's title. The supplemental complaint prayed for a perpetual injunction restraining defendants from selling the land. In defendants' answer to both complaints it is alleged that the defendants agreed among themselves that defendant Morrissey, who is an attorney at law, should be paid one hundred dollars to bring "court proceedings" to settle the affairs of the corporation, and that no distribution of the assets would be made until said sum was paid. Their total claim amounts to the sum of $562 for their services and for costs incurred in attempting to collect the same.

Upon the conclusion of the trial judgment was given enjoining defendants from selling or attempting to sell any of said parcels of land. From this judgment defendants appeal.

The trial court found that after plaintiff's grantor had acquired all the shares of stock of the corporation, he had tendered to defendants for their execution a drafted instrument of conveyance in proper form to convey and distribute the real property to the owner of all the capital stock of the

corporation, and that at such time said owner had tendered to each of the defendants the sum of five dollars to defray expenses in executing the instrument of conveyance, but that defendants had refused to make the conveyance. It further found that defendants did nothing toward settling or winding up the affairs of the corporation, nor did they make any outlay on behalf of the company, and that they had no lien or interest or any claim upon the property sought to be sold. The evidence supports these findings.

Defendants' claim is based upon the asserted right of director-trustees to compensation for winding up the affairs of defunct corporations. Admitting such right to exist, the record discloses that they rendered no services, and whatever expenditures they may have made in pursuing a claim initiated by themselves and to which they were not entitled must be borne by themselves. Under these circumstances plaintiff was entitled to the relief granted.

Judgment affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10. 1919.